IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00230-FDW-SCR

| | |
|---|---|
| **ANTHONY T. BROWN** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **JACQUELINE ANDERSON BROWN**, et. al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Plaintiff's Motion to Remand Pursuant to Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. § 1447(c)" (Doc. No. 7), as well as the parties' associated briefs, affidavits, and exhibits. (Doc. Nos. 7, 8, 12, 13, & 14).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion to Remand be denied.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Anthony T. Brown filed suit against Defendant Jacqueline Anderson Brown in the Union County Superior Court in North Carolina. In his complaint ("Complaint"), Plaintiff asserted claims for declaratory judgment, defamation – libel *per se*, abuse of process, and unfair and deceptive trade practices, and demanded damages in excess of $25,000. The unfair and deceptive trade practices claim, if proven, would treble damages. (Doc. No. 1-1). Defendant removed this

case to the Western District of North Carolina on April 25, 2023, asserting complete diversity of citizenship and an amount in controversy in excess of $75,000. (Doc. No. 1).

Plaintiff has now filed a sworn admission and stipulation that he seeks less than $75,000. (Doc. No. 8-1). Plaintiff moves to remand to state court on the basis that the Court lacks subject matter jurisdiction. (Doc. No. 7 & 8). Plaintiff argues that Defendant has failed to carry her burdens to establish that she is a citizen and domiciliary of South Carolina and that the amount in controversy exceeds $75,000. (Doc. No. 8 at 4).

## II. DISCUSSION

### A. Standard of Review

Diversity jurisdiction requirements are set forth in 28 U.S.C. § 1332(a), which provides in relevant part that districts courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States…" 28 U.S.C. § 1332(a).

Subject matter jurisdiction is a threshold issue for federal courts, and if it cannot be shown, a case must be remanded to state court. See Keith v. Clarke Am. Checks, Inc., 261 F. Supp. 2d 419, 421 (4th Cir. 2003). Parties cannot waive subject matter jurisdiction to bring their matter in their preferred forum. See Moreno v. Universal Prop. &, Cas. Ins. Co., No. 3:22-CV-00238, 2022 WL 3337737, at *1 (W.D.N.C. July 25, 2022); see also Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 197 (4th Cir. 2008).

### B. Amount in Controversy

Plaintiff's Complaint was filed in state court prior to removal. In North Carolina, the General Rules of Pleadings states that the "pleading shall not state the demand for monetary relief,

but shall state that the relief demanded is for damages … in excess of twenty-five thousand dollars ($25,000)."  N.C. Gen. Stat. § 1A-1 Rule 8(a)(2).

Plaintiff's Complaint seeks damages as follows:

> 1. Compensatory damages in an amount to be determined and greater than $25,000, caused by Brown and for her unlawful conduct and actions as alleged herein, including but not limited to mental anguish, distress, and pain and suffering, inconvenience, loss of enjoyment, etc.;
> 2. Punitive damages against Brown, to the extent that the jury finds by clear and convincing evidence that the actions and conduct of Brown proximately caused, contributed to, and/or related to the subject damages and losses complained of in this action were fraudulent, malicious, reckless, or willful and wanton in nature, etc. pursuant to N.C. Gen. Stat. § 1D;
> 3. Treble damages and attorney fees against Brown as allowed by North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat.§ 75-1.1 et seq., and as allowed at common law;
> 4. Costs incurred in the bringing of this action as allowed by law;
> 5. Attorney fees in the bringing of this action as allowed by law;
> 6. Pre- and post-judgment interest as allowed by law….

(Doc. No. 1-1 at 22-23).

The amount in controversy in these cases is determined at the time of filing. See Moreno, No. 3:22-CV-00238, 2022 WL 3337737, at *2 (W.D.N.C. July 25, 2022) (citing Griffin v. Red Run Lodge, Inc., 610 F.2d 1198, 1204 (4th Cir. 1979)).  In cases where a state practice does not require a plaintiff to claim a specific amount, the removing defendant has the burden of proving by a preponderance of the evidence that the amount in controversy is greater than $75,000.  See Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013).  The removing Defendant has met her burden.

Based the plain language of the Complaint, the Court finds the amount in controversy exceeds $75,000.  Plaintiff expressly sought compensatory damages in excess of $25,000, but also sought treble damages and attorney fees under North Carolina's Unfair and Deceptive Trade

Practices. Compensatory damages of at least $25,000, then trebled plus attorney's fees are greater than the $75,000 jurisdictional threshold.

Plaintiff's post-removal stipulation that he would not seek or accept damages in excess of $75,000, (Doc. No. 8-1 at 3), does not defeat diversity jurisdiction. Once the amount in controversy is established, parties are not permitted to adjust any claims to defeat diversity jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938). If the amount in controversy is satisfied, any events after the filing of the complaint will not impact the evaluation of the jurisdictional amount. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010). Post-removal limits or waivers on damages claims cannot defeat jurisdiction. Cargo Logistics Servs. Corp. v. XTRA Lease, LLC, No. 3:12-CV-832-RJC-DSC, 2013 WL 789744, at *2 (W.D.N.C. March 4, 2013) ("The amount in controversy is evaluated as of the time the complaint is filed. Once the amount in controversy is met, subsequent events cannot reduce the amount to defeat jurisdiction") (citing Griffin, 610 F.2d at 1204-05 (citing St. Paul Mercury Indem. Co., 303 U.S. at 289-93)), report and recommendation adopted, No. 3:12-CV-832-RJC-DSC, 2013 WL 1798344 (W.D.N.C. Apr. 29, 2013).

### C. Defendant's Citizenship

Plaintiff is a citizen of North Carolina and argues that Defendant, despite currently residing in South Carolina, only intends to live there temporarily. Because of this, Plaintiff maintains Defendant is really a North Carolina citizen, but has offered scant evidence in support. Plaintiff avers that his private process server twice unsuccessfully sought to serve Defendant at her home in South Carolina. (Doc. No. 8-1, at 4). He also cites an alleged conversation Defendant had with members of her Charlotte, North Carolina church that she was taking a one-year leave of absence

in 2018.  Id. 3-4.  He further points out that Defendant opened a Wells Fargo bank account in Charlotte and continued to use it after moving to South Carolina.  Id. at 5.

In contrast, Defendant has submitted persuasive evidence that she is a citizen of South Carolina.  Defendant provided the title and deed to the home she purchased in Mount Pleasant, South Carolina in May 2022, (Doc. No. 12-2 at 1-2, 5) and an affidavit showing the date of transfer of ownership to the home.  Id. at 4.  Defendant also submitted the affidavit of service of process at her South Carolina address and a USPS delivery record at that address.  Id. at 6-7.  Defendant provided her South Carolina voter registration and South Carolina driver's license.  Id. at 8-9.  Finally, Defendant's vehicle is registered in South Carolina, and she paid state taxes there in 2021.  Id. at 10-11.  Based on the information presented, there can be little doubt Defendant is a South Carolina citizen.

For these reasons, the Court finds that Defendant has met her burdens of showing by a preponderance of the evidence that at the time of removal the parties' citizenship was diverse and the amount in controversy exceeds $75,000.  The undersigned respectfully recommends that Plaintiff's Motion to Remand be denied.

### III.    RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's "Motion to Remand to State Court Pursuant to Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. §1447(c*)*" (Doc. No. 7) be **DENIED**.

### IV.    TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within

fourteen days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff, counsel for Defendant, and the Honorable Frank D. Whitney.

**SO ORDERED AND RECOMMENDED**.

Signed: August 4, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge